ÉASTERN DIST.
*May,* 1837.

HENDRICKS'
CURATOR
*vs.*
MON.

HENDRICKS' CURATOR *vs.* MON.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The evidence must be clear and conclusive to sustain an action of nullity, to annul a judgment, on the ground that it was obtained through fraud, and the ill practices of the defendant.

The testimony or proof of admissions or declarations of a party made to a third person, by which it is attempted to charge or render him liable, is the weakest of all evidence.

This is an action of nullity to annul a judgment of the Probate Court, homologating the tableau of a distribution of the succession of Wm. Hendricks, deceased, f. m. c., on which Ramon Mon was placed as a creditor, for five hundred dollars, which it is alleged he procured through fraud and other ill practices. The curator prays that said judgment be annulled, so far as Mon's claim is concerned; that his execution be enjoined, and that he pay costs.

The defendant averred that the injunction issued illegally, and that there was no cause of action shown. He prayed that the injunction be dissolved, with damages.

The evidence produced in this cause showed that the deceased had rented the house in which he was living at the time of his death, from Ramon Mon, and owed him five hundred dollars for rent, which was allowed as a privileged claim. It also appeared that a negro woman lived in the same house with the deceased, and had made some payments of rent, and to whom receipts were given.

The attorney for the curator declared on oath, in substance, that Mon brought this account for rent to him, and after some time, supposing it was correct, he directed the curator to put it on the tableau. When the tableau was homologated, Mon called to know when he could get his money, and in conversation, observed, "that he had brought the account against the estate of Hendricks for money that was due him by Sarah,

18

EASTERN DIST.
May, 1837.

HENDRICKS'
CURATOR
vs.
MON.

f. w. c.; that he was afraid he should not be able to get his money from her. Witness told him he had done very wrong, as some of the creditors would be injured by his being placed as a privileged creditor, as there was not enough to pay all. To this he replied, that he thought it the only way he had to get the rent due him by Sarah, but would consent that the other creditors should be paid first, and he would be satisfied with the balance. Previously to this, he said he would be content with two hundred and fifty dollars." The curator refused to pay the account in consequence of this statement.

It was proved that Hendricks lived in the house and paid rent for it, and Sarah, the negro woman, sometimes paid and took Mon's receipt.

The testimony was various, and somewhat contradictory. It appeared that the deceased occupied the premises in question, and kept a grocery store in a part of them; that the negro woman, Sarah Bryan, also lived in the house, and sometimes attended to the shop. Upon the whole, the probate judge was of opinion that the plaintiff failed to support his action, and gave judgment for the defendant. The plaintiff appealed.

*Pichot*, for the plaintiff.

1. The claim of Ramon Mon was allowed, on his representation that it was due by Hendricks' estate for rent; when he afterwards acknowledged it was not owing by Hendricks, but by Sarah, the colored woman, and that he demanded it of the estate, because Sarah had no property or means to pay it. These facts are supported by the testimony, and are good grounds for the nullity of the judgment, homologating his account.

2. This judgment was obtained through fraud, and the ill practices or false representations of the creditor, which is sufficient cause to sustain an action of nullity. *Code of Practice,* 607.

*L. Janin,* for the defendant, contended that the evidence clearly showed that Hendricks rented the house and shop

from Mon, and that Sarah only lived there, and sometimes
attended to the shop and paid rent when Hendricks was not
present. There is not the least evidence of fraud; the
witness who testifies to the conversation he had with Mon,
after the allowance of his claim, must have been mistaken,
as the latter never admitted such a statement, or that he had
rented the house to Sarah.

EASTERN DIST.
*May*, 1837.

HENDRICKS'
CURATOR
*vs.*
MON.

*Bullard, J.,* delivered the opinion of the court.

The present action was instituted to annul a judgment
homologating a tableau of distribution filed by the plaintiff,
as curator of a vacant estate, on the ground, that the
defendant had, by fraud and ill practices, caused himself to be
placed thereon as a privileged creditor, for rent of a house,
which, in fact, was not due to him. An injunction was
granted to stay an execution which had issued on the refusal
of the plaintiff to pay the sum thus allowed. After a trial
upon the merits in the court below, judgment was rendered
for the defendant; the injunction was dissolved with damages
and costs, and the plaintiff appealed.

In an action of this kind it is incumbent on the plaintiff to
make out by clear evidence, the fraud and ill practices
alleged by him in nullity of the judgment rendered between
the parties. This, we think, he has failed to do in this case.
Indeed, the weight of evidence is in support of the claim of
the defendant, against the estate of Hendricks, the intestate,
as allowed without opposition on the tableau. The only
evidence which is urged as showing misrepresentation and
false statements on the part of the defendant, is that of a
conversation between him and the attorney of the curator,
after the homologation of the tableau, in which Mon admitted
that the rent was in fact due by a negro woman, with whom
Hendricks lived, and not by him; but that he had claimed it
of the estate because he was afraid the woman was unable to
pay. This court has had repeated occasions to say that such
admissions are the weakest kind of evidence, and are
entitled to little or no attention. In this case, notwithstand-
ing such an avowal, we should not hesitate to say, if the

The evidence
must be clear
and conclusive
to sustain an ac-
tion of nullity,
to annul a judg-
ment, on the
ground that it
was obtained
through fraud
and the ill prac-
tices of the de-
fendant.

The testimony
or proof of ad-
missions or de-
clarations of a
party made to a
third person, by
which it is at-
tempted to
charge or render
him liable, is the
weakest of all
evidence.

EASTERN DIST.  question were now to be settled, as to the liability of the
  *May*, 1837.   deceased for the rent, that it was justly due by Hendricks,

CIRE ET AL.     according to the evidence adduced on the trial of this case.
  *vs.*
RIGHTOR.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Court of Probates, be affirmed, with costs.,